IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| CHRISTINE L. SMITH, | ) |
| | ) CIVIL ACTION NO.   2:22-cv-00335 |
| Plaintiff, | ) |
| v. | ) |
| | ) Removed from Mingo County Circuit |
| | ) Court -- Civil Action No. 22-C-49 |
| RAVIN CROSSBOWS, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PLEASE TAKE NOTICE that Defendant Ravin Crossbows, LLC, by an through its undersigned counsel, Clark Hill PLC, hereby files this Notice of Removal and related papers, removing this action from the Circuit Court of Mingo County, West Virginia, to the United States District Court for the Southern District of West Virginia pursuant to 28 USC §§ 1332, 1441 and 1446.  The grounds for this Removal are as follows:

## BACKGROUND

1.   This action was commenced on or about July 6, 2022 by the filing of Plaintiff's Complaint in the Circuit Court of Mingo County, West Virginia, Civil Action No. 22-C-49.  This civil action involves allegations of product liability.

2.   Ravin Crossbows, LLC was served through its registered agent for service of process in West Virginia on July 14, 2022, with this Notice being filed within 30 days after service of the State Court Summons and Complaint.  Removal is proper to the United States District Court for the Southern District of West Virginia under 28 USC §124(c)(2) and 1441(a) because this district embraces the place in which the removed action has been pending.

3. Pursuant to 28 USC §1446(d), a Notice of Filing of Notice of Removal will be filed with the Clerk for the Circuit Court of Mingo County, West Virginia.

4. Attached as **Exhibit A** is a copy of the docket sheet from the Circuit Court of Mingo County in Civil Action No. 22-C-49, current as of the date of filing this Removal, together with copies of all pleadings that have been filed in that action.

### REMOVAL IS PROPER BASED UPON DIVERSITY JURISDICTION

5. Jurisdiction in this cause is proper in the United States District Court pursuant to the provisions of 28 USC §1332 based upon diversity of citizenship.

#### A. The Plaintiff

6. According to the Complaint, the Plaintiff, Christine L. Smith, is a resident of Williamson, Mingo County, West Virginia. Plaintiff is therefore a citizen of West Virginia.

#### B. The Removing Defendant

7. Defendant Ravin Crossbows, LLC is a single-member limited liability company organized under the laws of the State of Wisconsin with its principal place of business in Superior, Wisconsin. Ravin Crossbows, LLC's sole member is Velocity Outdoor, Inc., a Delaware corporation with its principal place of business in New York. Defendant Ravin Crossbows, LLC is therefore a citizen of Wisconsin, Delaware and New York.

### GROUNDS FOR REMOVAL

8. This action is being removed pursuant to 28 USC §1441 *et seq*. This action could have originally been brought in this Court pursuant to 28 USC §1332.

9. This Notice of Removal is timely filed because it is submitted within 30 days of the date any Defendant was first served with, received a copy of, or otherwise received notice of the Summons and Complaint in this civil action. 28 USC §1446(b).

10. This Court embraces the county in which the State Court action was filed, thus Venue is proper in this Court.

11. This is a product liability action wherein Plaintiff alleges that a Ravin 26 Predator Dusk Camo Crossbow, serial number 26A019668, was defective and unreasonably dangerous which caused the Plaintiff to sustain damages. Although the Complaint is silent as to the specific amount of damages sought, the Plaintiff's Complaint prays multiple times for "compensatory damages in an amount which the Court deems fair and reasonable" and "for punitive damages in an amount sufficient to punish the Defendant, Ravin Crossbows, LLC, and to deter them and others from similar conduct." (Complaint, pgs. 3, 4 and 5)

12. Plaintiff's Complaint, in paragraph 16, alleges that "as a direct and proximate result of the negligence of the Defendant, as described aforesaid, the Plaintiff, Christine L. Smith, has suffered annoyance, aggravation and inconvenience, and has suffered property damages and loss of use damages in an amount in excess of the minimum amount necessary to establish the jurisdiction of the Court, and the Plaintiff reserves the right to advise the trier of fact of the amount of such damages." (Complaint, ¶ 16).

13. Under West Virginia law, "[t]he amount of punitive damages that may be awarded in a civil action may not exceed the greater of four times the amount of compensatory damages or $500,000, whichever is greater." West Virginia Code, §55-7-29(c).

14. When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied. See: *Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1046 (3d. Cir. 1993), citing *Bell v. Preferred Life Assur. Soc'y,* 320 U.S. 238, 240 (1943); See also, *A.F.A. Tours, Inc. v. Whitchurch,* 937 F.2d 82, 87 (2d. Cir. 1991); *Klepper v. First Am. Bank,* 916 F.2d 337, 341 (6th Cir. 1990).

3

15. Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount. *Anthony v. Security Pacific Fin Serv, Inc.*, 75 F.3d 311, 315 (7th Cir. 1986)(citing *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211 (7th Cir. 1995) (quoting *Bell v. Preferred Life Society*, 320 U.S. 238, 240 (1943) and *Sharp Elec. Corp. v. Copy Plus, Inc.*, 939 F.2d 513, 515 (7th Cir. 1991)).

16. Because this dispute is among citizens of different states and the amount in controversy exceeds $75,000, both the amount in controversy and the diversity of citizenship requirements set forth in 28 USC §1332 have been met and jurisdiction is therefore proper in this Court.

17. A true and complete copy of the Notice of Filing of Notice of Removal, filed this date in the Circuit Court of Mingo County, as referenced in Paragraph 3 of this Notice of Removal, is attached hereto as **Exhibit B** and incorporated herein by reference. The Plaintiff is hereby notified it may not proceed further in the State Court.

WHEREFORE, Defendant Ravin Crossbows, LLC respectfully requests that this Court assume full jurisdiction over this case consistent with the foregoing and as provided by law, and grant any and all other relief to the Defendant in this matter which it deems just and proper.

Dated: August 11, 2022.

CLARK HILL PLC

*s/ Mario R. Bordogna*
Mario R. Bordogna
1290 Suncrest Towne Centre Drive
Morgantown, WV  26505
T:  304.907.2133
F:  304.907.2130
mbordogna@clarkhill.com

*Attorneys for Defendant, Ravin Crossbows, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing **Notice of Removal** with the Clerk of the Court this 11th day of August 2022 via the CM/ECF system, and also served the foregoing by regular mail and email to:

Greg K. Smith
Barry C. Marcum
Law Office of Greg K. Smith, PLLC
132 East Second Avenue
P.O. Box 1037
Williamson, WV  25661
(304) 235-0405
gks0405@frontier.com
*Attorneys for Plaintiff*

                          CLARK HILL PLC

                          *s/ Mario R. Bordogna*
                          Mario R. Bordogna

CLARKHILL\59489\448359\268175436.v1-8/10/22